IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: ETHICON, INC.
PELVIC REPAIR SYSTEM
PRODUCTS LIABILITY LITIGATION                    MDL 2327

---

THIS DOCUMENT RELATES TO:

Ward v. Ethicon, Inc., et al.                    Civil Action No. 2:13-cv-34062

ORDER

Pending is a Motion to Dismiss for Failure to Timely Effect Service of Process, filed by defendants Ethicon, Inc. and Johnson & Johnson[1] on October 5, 2017 ("Motion"). [ECF No. 3]. For the reasons stated below, the Motion is **GRANTED**.

I. Background

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are approximately 28,000 cases currently pending, over 17,000 of which are in the Ethicon, Inc. MDL, MDL 2327. Managing the MDLs requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' responsibilities. For instance, the Federal Rules of Civil Procedure require a plaintiff to serve the defendant a summons and a copy of the complaint. Fed. R. Civ. P. 4(c)(1). However,

---

[1] As used herein, Ethicon, Inc. and Johnson & Johnson includes any of these entities former or present parent companies, subsidiaries, affiliated companies, directors, officers, design surgeons, employees, distributors, or detail representatives named in an action pending in MDL No. 2327.

in this MDL, the defendants agreed to waive formal service of process as long as the plaintiff sends by email or certified mail "the short form complaint and, if in their possession, a sticker page or other medical record identifying the product(s) at issue in the case." *See* Pretrial Order #20, *In re: Ethicon, Inc. Pelvic Repair System Products Liability Litigation*, No. 2:12-md-2327, http://www.wvsd.uscourts.gov/MDL/ethicon/pdfs/PTO_20.pdf. Thus, the court excused the plaintiff from formally serving process on the defendants here, if she completed this simple procedure. Nevertheless, the plaintiff in this case failed to effectuate service by either method within the time allotted under Federal Rule of Civil Procedure 4(m).[2]

## II. Analysis

The defendants move to dismiss this case for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Rule 4(m), which governs the sufficiency of service of process, provides:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Here, the plaintiff filed her complaint with the court on December 31, 2013 (Complaint [ECF No. 1]). Therefore, the plaintiff was required to either serve the defendants under Rule 4 or comply with Pretrial Order # 20 by approximately April

---

[2] Any reference to rule 4(m) is to the 1993 version in effect at the time the plaintiffs filed the complaint with this court.

30, 2014, but never effectuated service by either method. (Defs.' Mot. to Dismiss [ECF No. 3]).

In the instant Motion, the defendants are seeking their dismissal from this case pursuant to Federal Rules of Civil Procedure 12(b)(5) and 4(m). The deadline to file a Response to the Motion has passed and, as of the date of this order, the plaintiff has still not filed a Response. As a result, the court **ORDERS** that the Motion to Dismiss for Failure to Timely Effect Service of Process, filed by defendants Ethicon, Inc. and Johnson & Johnson, is **GRANTED**. *See Osborne v. Long*, 2012 WL 851106, at \*10 n.5 (S.D. W. Va. 2012) (referencing authority for the proposition that federal courts may grant a motion to dismiss without reaching the merits on the grounds that the plaintiff's failure to respond operates as a concession to that motion, or that dismissal is appropriate as a sanction for failure to prosecute) (citing *Fox v. American Airlines, Inc.,* 389 F.3d 1291, 1294–1295 (D.C. Cir. 2004); *Pomerleau v. West Springfield Public Schools,* 362 F.3d 143, 145 (1st Cir. 2004); *Stackhouse v. Mazurkiewicz,* 951 F.2d 29, 30 (3d Cir. 1991)).

**Because Ethicon, Inc., Ethicon, LLC and Johnson & Johnson are the only named defendants in this case, the court ORDERS that this case be DISMISSED without prejudice**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: December 11, 2017

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE